UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE AGUILAR,<br>Defendant. | Case No. 13-cr-00688-PCP-1 (VKD)<br><br>**ORDER OF DETENTION PENDING REVOCATION HEARING** |

The United States moves for detention of defendant Jose Aguilar, pending a hearing before the district judge regarding revocation of his supervised release. The Court's authority to detain or release defendant in these circumstances is governed by the Bail Reform Act, 18 U.S.C. §§ 3142, 3143(a), and Rule 32.1 of the Federal Rules of Criminal Procedure. *See United States v. Loya*, 23 F.3d 1529, 1531 (9th Cir. 1994); *accord United States v. Diaz*, No. 18-cr-00057-MMD-CSD-4, 2025 WL 1470844 (D. Nev. May 22, 2025). The Court held detention hearings on December 17 and 19, 2025. Mr. Aguilar was represented by counsel during the hearings.

Having considered the factors set forth in 18 U.S.C. § 3142(g), all of the matters in the second amended petition (Dkt. No. 77), and the proffers of counsel for Mr. Aguilar and for the United States, the Court concludes that Mr. Aguilar has not met his burden to show by clear and convincing evidence that he is not a danger to others and the community and that he will appear for his revocation hearing if released. Fed. R. Crim. P. 32.1(a)(6).

In the present matter, Mr. Aguilar is charged with violating the terms of his supervised release. Specifically, the second amended petition charges that Mr. Aguilar: (1) submitted diluted urine samples on six occasions between January and March 2025; (2) tested positive for

methamphetamine on three occasions between March and June 2025; and (3) failed to report for random urinalysis on five occasions between March and June 2025. In addition, the petition charges that Mr. Aguilar repeatedly failed to communicate with and follow the directions of his Probation Officer. Specifically, On May 28, 2025, Mr. Aguilar was directed to participate in residential treatment at the Minna Project in San Francisco. He reported to a detox center in preparation for the treatment program but left the same day. Thereafter, on two occasions in June 2025, Mr. Aguilar was directed to report to the Probation Office and failed to report as instructed. A warrant issued for Mr. Aguilar's arrest and he was taken into custody.

On July 16, 2025, the Court issued an order releasing Mr. Aguilar on the condition that he participate in residential treatment at the Center Point Residential Program. Dkt. No. 66. Mr. Aguilar successfully completed the treatment program in September 2025. However, shortly after his release from the program he incurred new violations.[1] Specifically, the second amended petition charges that on November 8, 2025, Mr. Aguilar was arrested for new law violations involving vehicle theft and appropriation of the property of another, and on December 7, 2025, he was arrested for obstructing peace officers in the performance of their lawful duties. In addition, the petition charges that Mr. Aguilar did not provide truthful information to his Probation Officer, did not meet with his Probation Officer at an agreed location, subsequently failed to report the Probation Office as directed, and did not report a new law enforcement contact to his Probation Officer as required.

Mr. Aguilar argues that he is not a danger or a flight risk. He points out that he has not been charged with any new law violation based on the arrests described in the amended petition, nor has he been detained in custody by local authorities. Pointing to his successful completion of residential treatment at Center Point in September 2025, he argues that he should be permitted to return to Center Point (or another residential treatment program) because he has previously shown that he can conform his behavior to what is required when participating in such a program, and

---

[1] As defense counsel noted, Mr. Aguilar did not transition from residential treatment to a sober living environment. Mr. Aguilar contends that this contributed to his failure to comply with the terms of his supervision.

2

treatment will address his underlying substance abuse issues.  In addition, at the detention hearing on December 19, 2025, Mr. Aguilar advised the Court that he has a family member who is prepared to transport him from custody for assessment by Center Point, and alternatively, will permit him to reside at the family member's home until a next court appearance if Center Point does not admit Mr. Aguilar to treatment.

The Probation Officer recommends detention, principally because Mr. Aguilar's repeated violations pose a danger to the community, and because Mr. Aguilar consistently fails to comply with his Probation Officer's directions and otherwise fails to cooperate in his supervision.  The United States concurs in the recommendation of the Probation Office and asks that Mr. Aguilar be detained.

The Court finds that Mr. Aguilar has failed to show by clear and convincing evidence that he will appear for his revocation hearing before the presiding judge, and the Court also finds that Mr. Aguilar is unlikely to comply with conditions the Court may impose intended to assure his appearance and the safety of the community.  Residential treatment is not immediately available, and even if it were, the Court is not persuaded the Mr. Aguilar is a suitable candidate for a second course of residential treatment at this time.  Mr. Aguilar's conduct during supervision indicates that, when not in a very structured environment, he does not comply with the requirements of supervision.

Mr. Aguilar is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Mr. Aguilar shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the United States, the person in charge of the corrections facility shall deliver Mr. Aguilar to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

//

//

//

**IT IS SO ORDERED.**

Dated: December 19, 2025

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge